Chief Judge Desmond.
After a trial in Nassau County, all three defendants were convicted of conspiracy (Penal Law, § 580) and book-making (Penal Law, § 986). In addition, defendants Marjorie Yarmosh and Alexander Yarmosh (wife and husband) were found guilty of maintaining premises for bookmaking (Penal Law, § 986) and defendant Marjorie Yarmosh alone was declared by the jury verdict to have committed the crime of possessing book-making records (Penal Law, § 986-b). There is no doubt as to the sufficiency of the received evidence as basis for the verdict in its several parts. The questions of law are three. First, we must decide whether on this record the search of the home of Marjorie and Alexander Yarmosh and the seizure therein of betting slips and book-making records were illegal and the evidence thereby obtained inadmissible (Mapp v. Ohio, 367 U. S. 643; People v. Loria, 10 N Y 2d 368). An affirmative answer to that question will lead to an inquiry as to whether there were proper objections to the receipt of the proof (People v. O’Neill, 11 N Y 2d 148; People v. Friola, 11 N Y 2d 157). If we answer “ yes ” to our second question, we will have to determine whether our answers lead to a dismissal of the charge (People v. O’Neill, supra) or a remission to the trial court for a further hearing on the issue of illegality of the search and seizure (People v. Coffey, 11 N Y 2d 142).
The police officers who broke into the Yarmosh home in Nassau County had no search warrant. According to the People’s proof, several officers came to the dwelling, entered through an open front door into a hallway, found the inner door locked, knocked on the locked door, announced themselves as police officers but got no answer, heard sounds of someone running inside and forced open the locked door into a kitchen where they encountered Mrs. Yarmosh. They asked where the telephone was and she led them *400 to her bedroom where on a table there were betting slips, some in her admitted handwriting. Elsewhere in the room were bookmaking records. During the search one of the police officers answered incoming calls on the Yarmosh telephone and “ took bets ” from the callers. The telephone was listed in the name of Alexander Yarmosh. A witness swore that, pursuant to arrangements made in Kings County with Alexander Yarmosh, the witness had made bets by calling that same telephone number. Two other witnesses incriminated defendant John Yarmosh (brother of Alexander) by testifying as to the latter’s booking of bets for them in Suffolk County and as to his directions to them to place other bets by calling the telephone number of Alexander Yarmosh.
This forcible breaking into a dwelling house was a violation of Fourth Amendment rights since there was neither search warrant nor'consent, and the intrusion and search were not even incident to a lawful arrest since the crimes for which defendants were arrested and tried were misdemeanors only (Mapp v. Ohio, 367 U. S. 643, supra; Johnson v. United States, 333 U. S. 10; Agnello v. United States, 269 U. S. 20; People v. Defore, 242 N. Y. 13,18; People v. Loria, 10 N Y 2d 368, 373, supra; People v. Moore, 11 N Y 2d 271; Civil Rights Law, § 8). It was error, therefore, to admit the evidence (Mapp v. Ohio, supra).
The Mapp decision (supra) was announced after the jury’s verdict and before the date of sentencing in this case. The Mapp holding is applicable if the point was preserved for review by objection or by some inquiry by defense counsel into the lawfulness of the methods of getting the evidence or “ at least some effort in that direction” (People v. Friola, 11 N Y 2d 157, 159, supra). This record shows such inquiry and effort. Defense counsel proved that there was no search warrant and questioned one of the officers as to defendants’ rights under the Federal and State Constitutions. The Trial Judge informed the jurors they were to pay no attention to the manner in which the evidence had been obtained. He declined a defense request that he give the jurors instructions as to illegality of searching these premises without a warrant. Later, and after the Mapp decision (supra) had come down, the defense unsuccessfully moved for a new trial on the ground that evidence illegally obtained had been illegally received. Thus, there was consider *401 ably more in this record by way of objection and “ alerting ” than was held to be adequate in People v. O’Neill (11 N Y 2d 148, 152, supra). It follows that the question was properly saved for review by us.
Our remaining question is: Are we to reverse and dismiss the case (as we did in People v. O’Neill, supra) or (as in People v. Coffey, supra) remit for a hearing because of indications that, despite forcible entry and lack of search warrant, the search and seizure may still have been legal? There are no such indications here. This record shows that on a “ complaint of bookmaking ” the officers went to the dwelling, sought admission by knocking, heard someone inside, and then broke in. On these facts as established by the policemen themselves, the search and seizure could not have been legal. No hearing could change that. Since all the convictions were based on this illegally seized evidence, they must all be reversed and the information dismissed.
The judgment should be reversed and the information dismissed.
Judges Dye, Fuld, Fboessel, Van Voobhis, Bubke and Fosteb concur.
Judgment reversed, etc.